# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOICEAGE EVS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 20-1061-CFC |
| v. | ) | |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Defendant. | ) | |

## APPLE INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS VOICEAGE EVS LLC'S CLAIMS FOR INDUCED INFRINGEMENT AND ENHANCED DAMAGES <u>IN ITS FIRST AMENDED COMPLAINT</u>

OF COUNSEL:

Mark D. Selwyn
Jennifer John
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel: (650) 858-6000

Joseph J. Mueller
Dominic E. Massa
Timothy D. Syrett
Nina Garcia
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA  02109
Tel: (617) 526-6000

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendant Apple Inc.*

Brittany Amadi
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: (202) 663-6000

Jason Choy
WILMER CUTLER PICKERING
 HALE AND DORR LLP
350 South Grand Avenue
Suite 2400
Los Angeles, CA 90071
Tel: (213) 443-5300

Dated:  January 11, 2021
6996851/50593

# **TABLE OF CONTENTS**

I.    NATURE AND STAGE OF THE PROCEEDINGS ........................................... 1

II.   SUMMARY OF ARGUMENT ................................................................. 1

III.  STATEMENT OF FACTS ...................................................................... 4

      A.    Allegations Of Induced Infringement ........................................... 4

      B.    Allegations Of "Notice And Compliance With FRAND
            Obligations" ...................................................................... 6

IV.   ARGUMENT ................................................................................... 7

      A.    Plaintiff Has Not Sufficiently Pled That Apple Knew Of The
            Asserted Patents Before The Suit Was Filed .............................. 8

      B.    Plaintiff Has Not Sufficiently Pled That Apple Specifically
            Intended To Induce Infringement Of The Asserted Patents ............. 12

      C.    Plaintiff Has Not Sufficiently Pled That Apple Was Willfully
            Blind To The Alleged Infringement .......................................... 18

      D.    Plaintiff Has Not Sufficiently Pled That Apple Has Willfully
            Infringed Any Asserted Patent ............................................... 21

V.    CONCLUSION ................................................................................ 22

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................7

*Commil USA LLC v. Cisco Sys. Inc.*,
   135 S. Ct. 1920 (2015).............................................................7

*Deere & Co. v. AGCO Corp.*,
   C.A. No. 18-827-CFC, 2019 WL 668492 (D. Del. Feb. 19, 2019)............*passim*

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
   363 F.3d 1263 (Fed. Cir. 2004) ...............................................17

*Dynamic Data Techs. v. Google, LLC*,
   C.A. No. 19-1529-CFC, 2020 WL 1285852 (D. Del. Mar. 18, 2020) ........*passim*

*Evolved Wireless, LLC v. Samsung Elecs. Co.*,
   C.A. No. 15-545-SLR-SRF, 2016 WL 1019667 (D. Del.
   Mar. 15, 2016)................................................................12, 13, 21

*Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd.*,
   967 F.3d 1380 (Fed. Cir. 2020) ................................................16, 21

*Helios Streaming, LLC v. Vudu, Inc.*,
   C.A. No. 19-1792-CFC/SRF, 2020 WL 3167641 (D. Del.
   Jun. 15, 2020)................................................................15, 16, 19

*Intellectual Ventures I LLC v. Toshiba Corp.*,
   66 F. Supp. 3d 495 (D. Del. 2014).............................................9, 14

*Lucent Techs., Inc. v. Gateway, Inc.*,
   No. 07-CV-2000-H (CAB), 2007 WL 6955272 (S.D. Cal.
   Oct. 30, 2007) ................................................................16, 21

*MONEC Holding AG v. Motorola Mobility, Inc.*,
   897 F. Supp. 2d 225 (D. Del. 2012)...........................................11, 12, 14

*Morse v. Lower Merion Sch. Dist.*,
    132 F.3d 902 (3d Cir. 1997) ................................................................................17

*Pragmatus AV, LLC v. TangoMe, Inc.*,
    C.A. No. 11-1092-LPS, 2013 WL 571798 (D. Del. Feb. 13, 2013).........9, 10, 14

*VLSI Tech. LLC v. Intel Corp.*,
    C.A. No. 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019) ..................8

*VoiceAge EVS LLC v. HMD Global Oy*,
    C.A. No. 19-1945-CFC, D.I. 8 (D. Del. May 26, 2020)......................................6

*Zohar CDO 2003-1, Ltd. v. Croscill Home LLC*,
    C.A. No. 17-1797-JFB-SRF, 2018 WL 881758 (D. Del. Feb. 14, 2018) ............1

**Rules**

FED. R. CIV. P. 8(a)(2) ................................................................................................8

FED. R. CIV. P. 12(a)(4) ..............................................................................................1

FED. R. CIV. P. 12(b)(6)..............................................................................................1

## I.    NATURE AND STAGE OF THE PROCEEDINGS

On August 12, 2020, Plaintiff VoiceAge EVS LLC ("Plaintiff" or "VoiceAge") filed its initial complaint, alleging infringement of five patents:  U.S. Patent Nos. 7,693,710, 8,401,843, 8,825,475, 8,990,073, and 9,852,741 (collectively, the "Asserted Patents").  D.I. 1.[1]

On November 30, 2020, Apple moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's claims for indirect infringement ("Motion to Dismiss").

Plaintiff did not respond to Apple's Motion to Dismiss.

Instead, on December 14, 2020, the day its response was due, Plaintiff filed a First Amended Complaint ("FAC"), including additional allegations regarding its website and the parties' pre-suit communications regarding a non-disclosure agreement ("NDA"), and a new claim for enhanced damages based on alleged willful infringement.[2]

## II.    SUMMARY OF ARGUMENT

None of the additional allegations in Plaintiff's FAC elevates its claims of induced infringement or its new claim for enhanced damages over the threshold of

---

[1]  On November 9, 2020, VoiceAge served its complaint on Apple.

[2]  This motion extends the time for Apple to answer VoiceAge's FAC, even though Apple does not move to dismiss every cause of action.  *See* Fed. R. Civ. P. 12(a)(4); *Zohar CDO 2003-1, Ltd. v. Croscill Home LLC*, C.A. No. 17-1797-JFB-SRF, 2018 WL 881758, at *11 n.19 (D. Del. Feb. 14, 2018).

plausibility.  Like its original complaint, Plaintiff's FAC fails to allege facts that support a reasonable inference Apple knew of the five Asserted Patents, or that its products or customers infringed any claim of those patents before the day this suit was filed.  As a result, Plaintiff has failed to plead plausible claims of indirect infringement or enhanced damages, and those claims should be dismissed.

*First*, none of the facts alleged in Plaintiff's FAC supports an inference that Apple knew of the Asserted Patents before August 12, 2020—the day this suit was filed.  Plaintiff alleges that before that day, it had only informed Apple that Plaintiff had "fourteen patent families" alleged to be essential to the EVS standard, "invited Apple to learn more about the VoiceAge EVS patent portfolio and to license its patents essential to the EVS standard," and directed Apple to its website for "further information."  FAC ¶ 55.  But Plaintiff does not allege that its "invitation" or its website specifically called to Apple's attention any of the Asserted Patents.  Courts in this District routinely dismiss claims of induced infringement based on precisely such offers to license full portfolios as insufficient to support a reasonable inference of pre-suit knowledge of *specific* patents-in-suit.  Plaintiff's failure to plausibly plead pre-suit knowledge of the Asserted Patents is equally fatal to its claim for enhanced damages, as willful infringement likewise requires pre-suit knowledge.

*Second*, this Court has made clear that pre-suit communications alleged to support claims of induced infringement must articulate *how* the patents-in-suit read

2

on the products at issue.   None of Plaintiff's allegations about the parties' correspondence supports an inference that Plaintiff explained to Apple ***how*** any claim of the Asserted Patents allegedly covers any Apple product.  At most, Plaintiff alleges that Apple knew of conclusory declarations that Plaintiff's patents are "essential" to the EVS standard.  But conclusory declarations of "***essentiality***" fail to explain ***how*** specific patents allegedly read on a standard.  Moreover, declarations of essentiality regarding a broad set of patents are different from allegations of ***infringement*** of specific patents, as this Court and others have acknowledged.

***Third***, nothing in Plaintiff's FAC supports a reasonable inference that Apple was willfully blind to the Asserted Patents or alleged infringement.  Plaintiff alleges that it offered to share "detailed claim charts" under NDA, but that Apple "refused" to enter into one.  FAC ¶ 123.  Plaintiff does not allege that it shared any claim charts with Apple, that any of those claim charts relate to any Apple product, or that Plaintiff called Apple's attention to claim charts for the five Asserted Patents, let alone that the claim charts explained how any Apple product allegedly infringes any asserted claim of the five Asserted Patents.  As a result, even accepting the factual allegations in the FAC as true, they fail to support a reasonable inference that Apple subjectively believed that its products or customers infringe the Asserted Patents, or took deliberate actions to avoid learning that fact.

3

Accordingly, Plaintiff's claims fall far short of the standards for pleading induced infringement or willful infringement, and should be dismissed.[3]

## III.   STATEMENT OF FACTS

### A.   Allegations Of Induced Infringement

Plaintiff's FAC alleges that Apple indirectly infringes the Asserted Patents by inducing third parties to directly infringe.  *See* FAC ¶¶ 118-32 (section of FAC entitled "Apple's Indirect Infringement"); *id.* ¶¶ 141-42, 152-53, 163-64, 174-75, 185-86 (inducement allegations for the Asserted Patents).  In support of its claims for induced infringement, Plaintiff relies on two letters sent by its representatives to Apple, related "correspondence" regarding a proposed NDA, and information on its website.  *Id.* ¶¶ 120-27.

The FAC alleges that the first letter, sent March 24, 2020, invited Apple to "learn more about the VoiceAge EVS patent portfolio and to license" its "fourteen patent families," and "directed Apple to the VoiceAge EVS website...for further information"—without specifically identifying any of the Asserted Patents, or asserting that any Apple product or customer infringes any VoiceAge patent.  *Id.* ¶¶ 55, 121.

The Plaintiff's website explains that "VoiceAge EVS, LLC licenses a global portfolio of more than 295 issued patents across … 14 patent families which are

---

[3]  VoiceAge does not allege contributory infringement.

essential to the EVS industry standard."  Ex. 1 [VoiceAge website].  The website also states in conclusory fashion that "[e]ach family has been analyzed and declared essential to the EVS standard by the International Patent Evaluation Consortium ('IPEC'), an independent third-party," but does not explain what "essential" means in that context or how any VoiceAge patent reads on any portion of the EVS standard.  *Id.*  The Plaintiff's website includes links to single-page "Declaration[s] of Essentiality" from IPEC for fourteen U.S. patents, including the five Asserted Patents, which collectively identify 28 claims and 86 subsections of a 2014 version of the EVS standard.  *Id.*

The FAC alleges that Plaintiff "offered to share detailed IPEC claim charts, including claim charts for the asserted VoiceAge Patents" under NDA in "correspondence between the parties on June 3, July 9, and July 31, 2020," but does not allege that the claim charts explain how any Apple product allegedly infringes any claim of any VoiceAge patent, or that Plaintiff called Apple's attention to claim charts for the five Asserted Patents.  *See* FAC ¶ 123.  The FAC alleges that Plaintiff sent a second letter on August 12, 2020—the same day that Plaintiff filed its original complaint—"identifying each of the asserted VoiceAge Patents, asserting that Apple directly and indirectly infringed the VoiceAge Patents, and identifying relevant portions of the EVS Standard for at least one claim of each VoiceAge Patent."  *Id.* ¶ 124.

Plaintiff does not allege that either letter, its correspondence about an NDA, or its website explained ***how*** Plaintiff contends Apple infringes any VoiceAge patent, let alone the five Asserted Patents.  *See id.* ¶¶ 55, 121-25.  Further, Plaintiff does not allege that either letter, its correspondence about an NDA, or its website explains ***how*** any VoiceAge patent allegedly reads on the EVS standard.  *See id.*

Based on these allegations, Plaintiff alleges that Apple has induced infringement, using identical, boilerplate language for each of the Asserted Patents and claims.[4]  *Id.* ¶¶ 141, 152, 163, 174, 185.

### B.   Allegations Of "Notice And Compliance With FRAND Obligations"

In the "Notice and Compliance with FRAND Obligations" section of its FAC, Plaintiff alleges "the asserted VoiceAge Patents have been declared essential to the EVS Standard by way of Intellectual Property Rights ('IPR') Declarations to one or more of 3GPP's organizational partners."  FAC ¶ 39.  Plaintiff further alleges "[t]hrough its participation in 3GPP, Apple has or should have knowledge of the

---

[4]  In this District, VoiceAge has filed three other complaints against HMD Global Oy ("HMD"), No. 19-01945-CFC; Huizhou TCL Mobile Communication Co. Ltd., *et al.*, C.A. No. 19-02162-CFC; and Lenovo Holding Company, Inc., *et al.* , C.A. No. 20-00810-CFC.  HMD has moved to dismiss VoiceAge's complaint for lack of statutory and constitutional standing.  *VoiceAge EVS LLC v. HMD Global Oy*, C.A. No. 19-1945-CFC, D.I. 8 (D. Del. May 26, 2020).  To the extent this Court finds that VoiceAge lacks standing to assert the same patents asserted here against HMD, VoiceAge also lacks standing to assert those patents against Apple.  *Id.* at 2-3, 7-16.

asserted VoiceAge Patents and the fact that the asserted VoiceAge Patents have been declared essential to the EVS Standard." *Id.* ¶ 41.

Plaintiff does not allege that any IPR Declaration related to the Asserted Patents: (1) was specifically directed, or otherwise communicated, to Apple; (2) identified any specific Apple product; or (3) explained *how* Plaintiff contends Apple infringes the five Asserted Patents. *Id.* ¶¶ 39, 108-09. Nor does Plaintiff allege that any IPR Declaration related to the Asserted Patents explains *how* any VoiceAge patent allegedly reads on the EVS standard. *Id.*

## IV.   ARGUMENT

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim of induced infringement requires factual allegations sufficient to support reasonable inferences that the defendant knew of the patents-in-suit and "specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement." *Deere & Co. v. AGCO Corp.*, C.A. No. 18-827-CFC, 2019 WL 668492, at *7 (D. Del. Feb. 19, 2019) (quoting *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017)); *see also Commil USA LLC v. Cisco Sys. Inc.*, 135 S. Ct. 1920, 1926 (2015) (stating induced infringement requires both "knowledge of the patent in suit" and "knowledge of patent infringement").

A plausible claim for enhanced damages based on alleged willful infringement requires factual allegations sufficient to support reasonable inferences that the defendant knew of the patents-in-suit and  knew or should have known that its conduct amounted to infringement of those patents.  *See VLSI Tech. LLC v. Intel Corp.*, 2019 WL 1349468, at *1 (D. Del. Mar. 26, 2019) (Connolly, J.).

Plaintiff has failed to adequately plead facts demonstrating that Apple had the required types of knowledge with respect to the Asserted Patents.  Accordingly, Plaintiff's claims for induced infringement of the Asserted Patents and enhanced damages do not satisfy Fed. R. Civ. P. 8(a)(2) and should be dismissed.

### A.    Plaintiff Has Not Sufficiently Pled That Apple Knew Of The Asserted Patents Before The Suit Was Filed

Plaintiff's allegations are insufficient to permit a reasonable inference that Apple knew of the Asserted Patents before the day that Plaintiff filed this case because there is no allegation that Plaintiff called Apple's attention to the five Asserted Patents any earlier.

In the "Apple's Indirect Infringement" section of its FAC, Plaintiff alleges that two letters, correspondence about a potential NDA, and its website demonstrate Apple's purported pre-suit knowledge of the Asserted Patents.

The first letter, dated March 24, 2020, merely "invited Apple to learn more about the VoiceAge EVS patent portfolio and to license its patents essential to the EVS standard."  FAC ¶¶ 55, 121.  This Court has found correspondence inviting a

defendant to review the patentee's portfolio, generally, "would [not] allow for a plausible allegation of [the defendant's] pre-suit knowledge of the patents-in-suit." *Dynamic Data Techs. v. Google, LLC*, C.A. No. 19-1529-CFC, 2020 WL 1285852, at *2 (D. Del. Mar. 18, 2020) (Connolly, J.). Plaintiff does not allege that its March 24 letter called Apple's attention to any specific patents, let alone the five Asserted Patents. *See* FAC ¶¶ 55, 121. Plaintiff's allegations about its March 24 letter thus cannot support a reasonable inference that Apple had knowledge of the five Asserted Patents before the suit was filed.

The second letter, dated August 12, 2020, allegedly identifies the five Asserted Patents, but as Plaintiff admits, its counsel sent that letter ***the same day*** it filed this case. *Id.* ¶ 109. Even accepting as true Plaintiff's allegation that the August 12 letter was sent before filing the original complaint, Plaintiff offers no factual allegation that would support a reasonable inference that Apple received or read the letter before Plaintiff filed its complaint. *See, e.g.*, *Intellectual Ventures I LLC v. Toshiba Corp.*, 66 F. Supp. 3d 495, 500 (D. Del. 2014) (letter sent ***one day before*** complaint did not demonstrate pre-suit knowledge); *Pragmatus AV, LLC v. TangoMe, Inc.*, C.A. No. 11-1092-LPS, 2013 WL 571798, at *12 (D. Del. Feb. 13, 2013) (dismissing claims of induced infringement for lack specific intent where notice letter sent three days before the complaint was filed). Thus, the August 12,

2020 letter likewise cannot support a reasonable inference that Apple had actual knowledge of the five Asserted Patents before the suit was filed.

In the section of the FAC entitled "Notice and Compliance with FRAND Obligations," Plaintiff alleges that Apple "has or should have knowledge of the asserted VoiceAge Patents and the fact that [those patents] have been declared essential to the EVS Standard" based on the alleged "participation" of "related entities such as Apple (UK) Limited and Apple GmbH" in "3GPP organizational partners such as the European Telecommunications Standards Institute ('ETSI')." FAC ¶¶ 40-41. Plaintiff's vague allegations of unspecified "participation in 3GPP" cannot support a reasonable inference that Apple had pre-suit knowledge of the five Asserted Patents, particularly when Plaintiff does not allege that Apple or any of its affiliates participated in the development of the EVS standard or knew of any ETSI declarations by VoiceAge related to the EVS standard. *See id.*

Moreover, participation in a standard setting organization ("SSO") does not mean that the participant has knowledge of every patent declared essential to the standard. Nor is it reasonable to infer that Apple had knowledge of VoiceAge's alleged declarations, particularly given the approximately 25,000 cellular patent families declared essential to ETSI standards (*see* Ex. 2 [https://publications.jrc.ec.europa.eu/repository/bitstream/JRC121411/jrc121411_s ep_landscape_final.pdf]), and the lack of any allegation that Apple was active in a

related work group or that VoiceAge made its declarations known to Apple.   *See Dynamic Data*, 2020 WL 1285852, at *1-2 (finding letter listing "all of the approximately 400 patents in Plaintiff's portfolio," including the patents-in-suit, insufficient to "allow for a plausible allegation" of pre-suit knowledge of the patents-in-suit).  Finally, Plaintiff alleges that Apple knew about the Asserted Patents before suit was filed because it reviewed the Plaintiff's website.  FAC ¶¶ 59, 122.  But the Plaintiff's website merely states that Plaintiff offers licenses to its entire 14-family patent portfolio.  Ex. 1 [VA website] ("VoiceAge EVS, LLC licenses a global portfolio of more than 295 issued patents across … 14 patent families….").  Nothing in the website calls attention to the five specific patents Plaintiff chose to assert against Apple.  The Plaintiff's website is therefore similar to a letter from a patentee inviting a defendant to review the patentee's portfolio generally, which this Court has found "would [not] allow for a plausible allegation of [the defendant's] pre-suit knowledge of the patents-in-suit."  *Dynamic Data*, 2020 WL 1285852, at *2; *see also MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012) (dismissing willful infringement claim and ruling that "the complaint must adequately allege 'factual circumstances in which the patents-in-suit [are] **called to the attention**' of the defendants")[5] (citing *St. Clair Intellectual Prop.*

---

[5]  All emphasis in quotations has been added, unless otherwise noted.

11

*Consultants, Inc. v. Hewlett-Packard Co.*, 2012 WL 1134318, at *2-3 (D. Del. Mar. 28, 2012)).

The factual allegations in Plaintiff's FAC are therefore insufficient to establish that Apple had pre-suit knowledge of the Asserted Patents—a requirement for both claims of induced infringement and a claim of enhanced damages for alleged willful infringement. *See MONEC*, 897 F. Supp. 2d at 235 ("The court confirmed that pre-suit knowledge of the patent must be alleged unless the plaintiff limits its cause of action for indirect infringement to post-litigation conduct.") (internal citations omitted); *Evolved Wireless, LLC v. Samsung Elecs. Co.*, C.A. No. 15-545-SLR-SRF, 2016 WL 1019667, at *3 (D. Del. Mar. 15, 2016), report and recommendation adopted, C.A. No. 15-545-SLR-SRF, 2016 WL 1381765 (D. Del. Apr. 6, 2016) ("Evolved Wireless has failed to adequately plead pre-suit knowledge of the patents-in-suit, which is fatal to the claims for willful infringement.").

### B.    Plaintiff Has Not Sufficiently Pled That Apple Specifically Intended To Induce Infringement Of The Asserted Patents

Plaintiff fails to plead facts sufficient to support a reasonable inference that Apple "'specifically intended [another party] to infringe [the asserted patents] and knew that the [other party]'s acts constituted infringement.'" *See Deere*, 2019 WL 668492, at *7 (quoting *Lifetime Indus.*, 869 F.3d at 1379).

*First*, Plaintiff pleads no facts that support an inference that its March 24 letter accuses Apple of infringing any VoiceAge patent. A mere invitation to learn more

about a potential portfolio licensing opportunity does not support a reasonable inference that Apple knew that its products or customers infringed any specific patent. *See Dynamic Data*, 2020 WL 1285852, at *1-2 (finding letter listing "all of the approximately 400 patents in Plaintiff's portfolio," including the patents-in-suit, and "a request to discuss the potential for a mutually-acceptable license agreement" insufficient to support an inference that "Google would then have known that *it was infringing* each of the patents-in-suit") (emphasis in original).

**Second**, Plaintiff's allegations regarding the August 12 letter—allegedly sent to Apple by Plaintiff's counsel on the same day Plaintiff filed its complaint—similarly fail to support a plausible inference that Apple knew or should have known its conduct induced infringement of the Asserted Patents.  Again, Plaintiff fails to allege facts supporting an inference that Apple received or read the August 12 letter before Plaintiff filed its same-day complaint.  *See Deere*, 2019 WL 668492, at *7 (dismissing claim where complaint failed to allege notice letter was received). Further, even if it had alleged that Apple received its August 12, 2020 letter before the complaint was filed, Plaintiff pleads no fact that supports a reasonable inference that Apple formed the requisite specific intent to induce its customers to infringe the Asserted Patents before the original complaint was filed later that day.  *See, e.g.*, *Evolved Wireless*, 2016 WL 1019667, at *4  ("When a notice letter is filed **one day before** the infringement suit commences, the defendant does not have sufficient time

to react to the notice letter to prevent a suit from being filed."); *see also Intellectual Ventures I LLC*, 66 F. Supp. 3d at 500 (letter sent **one day before** complaint filed did not demonstrate pre-suit knowledge).

Moreover, Plaintiff fails to plead any facts demonstrating that the August 12 letter explained ***how*** Apple infringes the Asserted Patents.  At most, Plaintiff alleges that it sent conclusory allegations that Apple's products infringe the Asserted Patents the same day it filed its complaint.   But courts in this District have found correspondence conveying conclusory allegations of infringement insufficient to establish a plausible inference that the defendant knew its conduct amounted to infringement precisely because conclusory allegations fail to explain ***how*** the defendant allegedly infringes.  *See Dynamic Data*, 2020 WL 1285852, at *2 (finding plaintiff's complaint "does not articulate why, in the absence of having received a pre-suit notice letter ***explaining why the accused products infringed the patents-in-suit***, [defendant] would have nevertheless understood (prior to being served with the complaint) that such infringement had been occurring"); *Pragmatus*, 2013 WL 571798, at *12  (dismissing claims of induced infringement where plaintiff failed to "allege any facts regarding the substance of [plaintiff's] notice" such that "[t]he Court is left to speculate as to what it was about that notice that could have plausibly provided [defendant] with the requisite knowledge of its users' infringement"); *MONEC*, 897 F. Supp. 2d at 234 (finding "conclusory averments" that defendant

"sell[s], advertis[es], suppl[ies] and instruct[s] its respective customers on the use of the infringing product . . . contain no factual support to establish the requisite 'intent'").   The allegations of conclusory statements in Plaintiff's last-minute correspondence the same day it filed suit cannot save its claims of induced infringement.

**Third**, Plaintiff's conclusory allegations that the Asserted Patents are essential to the EVS standard fail to save its claim.  FAC ¶¶ 38-51.  This Court has expressly rejected bare allegations that a patent covers a standard as insufficient to plead the specific intent required for inducement.  *See Helios Streaming, LLC v. Vudu, Inc.*, C.A. No. 19-1792-CFC/SRF, 2020 WL 3167641, at *1 (D. Del. Jun. 15, 2020) (Connolly, J.)  ("[E]ven if Plaintiffs were correct that the letter communicated that one or more of the asserted patents read on an industry standard for adaptive streaming technology met by Defendant's products, the letters offers no explanation about **how** the patents read on any such standard."); *see also id.* ("[A]lthough the letter gave Defendant notice that five of the patents existed, it did not explain **how** Defendant's products or actions infringed the patents and therefore did not provide adequate notice that Defendant's products or actions constituted or caused infringement of the patents.").

Like the FAC, the single-page declarations of "essentiality" available on Plaintiff's website offer no explanation of **how** the asserted patents allegedly cover

15

any portion of the EVS standard.  FAC ¶ 49 (excerpting an IPEC declaration from Plaintiff's website).  As a result, they cannot support a plausible claim of inducement any more than the conclusory statements in the FAC itself.  *See id.*  Moreover, an allegation of "***essentiality***"—a term the IPEC declarations never define—is different from an allegation of ***infringement***, as courts have long acknowledged.  *Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd.*, 967 F.3d 1380, 1382-1384 (Fed. Cir. 2020) ("[T]he fact that a patent's claims cover an industry standard does not necessarily establish that all standard-compliant devices implement the standard in the same way."); *see also Lucent Techs., Inc. v. Gateway, Inc.*, 2007 WL 6955272, at *5 (S.D. Cal. Oct. 30, 2007) ("A determination that a patent is essential to a standard, though it may be similar to an infringement determination, is not identical and therefore not binding on a court's infringement analysis.").  That is because "'[a]n accused infringer is free to either prove that the claims do not cover all implementations of the standard or to prove that it does not practice the standard.'"  *Godo Kaisha*, 967 F.3d at 1384 (quoting *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1327 (Fed. Cir. 2010)).

Here, Plaintiff does not allege that all implementations of the EVS standard infringe, or that Apple encourages its customers to use EVS.  *See* FAC ¶¶ 118-32.  As a result, Plaintiff's allegations that the asserted patents are "essential" to the EVS standard and that Apple's products comply with the EVS standard are not sufficient

16

to allege that Apple had the specific intent to induce infringement. *See Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1276 n.6 (Fed. Cir. 2004) ("'[S]ale of a lawful product by lawful means, with the knowledge that an unaffiliated, third party may infringe, cannot, in and of itself, constitute inducement of infringement.'   We agree with this view of inducement.") (internal citation omitted).

Plaintiff baldly asserts that "Apple encouraged and continues to encourage its customers to use the EVS Products on carrier networks such as T-Mobile and Verizon [that allegedly support the EVS codec] and thereby infringe the VoiceAge Patents" but offers no factual allegations in support of that assertion.  FAC ¶ 126. The Court need not credit such bald assertions when considering this motion. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) ("[A] court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss.") (internal citations omitted).  Moreover, encouraging a customer to use a product on a particular network is not encouragement to use any specific feature of that network.

Because Plaintiff alleges no ***facts*** that would support a reasonable inference that Apple knew or should have known that its conduct infringed the Asserted Patents, the Court should dismiss Plaintiff's claims for induced infringement.

### C.   Plaintiff Has Not Sufficiently Pled That Apple Was Willfully Blind To The Alleged Infringement

Plaintiff's allegations that Apple has been "willfully blind to the existence of the [Asserted Patents], Apple's infringement of the [Asserted Patents], and the infringement of the [Asserted Patents] by its customers" are legally insufficient because they fail to support a plausible inference that Apple "(1) subjectively believed that there was a high probability that the induced acts constituted infringement and (2) took deliberate actions to avoid learning of that fact."  *See Deere*, 2019 WL 668492, at *7 (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 768-69 (2011)).

In support of its allegations, Plaintiff cites its March 24 and August 12, 2020 letters sent to Apple, correspondence regarding a proposed NDA, and its website. *See* FAC ¶¶ 121, 125.

***First***, Plaintiff's allegations about its March 24 letter cannot support a reasonable inference that Apple subjectively believed there was a high probability that its products were infringing the five Asserted Patents because Plaintiff does not allege that letter identifies ***any*** specific products alleged to practice any claim of any VoiceAge patent.  *See Deere*, 2019 WL 668492, at *7 (dismissing indirect infringement claims where purported notice letter failed to inform defendant what products allegedly infringed).

18

*Second*, even if the Court were to infer that Apple received and reviewed Plaintiff's August 12, 2020 letter moments after it was sent—and Plaintiff has pled no facts that would support such an inference—there would still be no plausible basis to believe that Apple formed the requisite subjective belief that there was a high probability that it was inducing infringing acts, and then also took deliberate actions to avoid learning of that fact before Plaintiff filed its complaint *later that day*. *Deere*, 2019 WL 668492, at *7.

*Third*, Plaintiff fails to allege that its March 24 and August 12 letters or the conclusory IPEC declarations on its website explain *how* the Asserted Patents cover the EVS standard, let alone any Apple product.  Without such an explanation, it is not reasonable to infer that Apple came to subjectively believe that its products or customers infringe the Asserted Patents based on the simple act of reading conclusory, self-serving statements allegedly conveyed in Plaintiff's correspondence or on its website.  *See Helios*, 2020 WL 3167641, at *1 ("[E]ven if Plaintiffs were correct that the letter communicated that one or more of the asserted patents read on an industry standard … the letter offers no explanation about *how* the patents read on any such standard.").

*Finally*, Plaintiff's allegations that the parties exchanged correspondence about a proposed NDA and the possibility that Plaintiff would provide "detailed claim charts" prepared by a third party fail to support a theory of willful blindness.

Plaintiff never alleges that it called Apple's attention to claim charts for the Asserted Patents or communicated to Apple that any of the offered claim charts explained how any Apple product allegedly infringes any asserted patent.  FAC ¶¶ 51, 54, 57, 58, 122-23.  Plaintiff has thus failed to allege facts supporting a reasonable inference that Apple believed the claim charts would show its products infringe the specific Asserted Patents, which is fatal to its theory of willful blindness.  *See Deere*, 2019 WL 668492, at *7.

Plaintiff's allegations that Apple "knew or deliberately took actions to avoid learning that its EVS Products infringed the asserted VoiceAge Patents in view of IPEC's identification of '3GPP Terminal Products' (i.e., mobile devices) as relevant to each of the evaluated claims" likewise fails to support a reasonable inference of willful blindness.  FAC ¶¶ 122-23.  Plaintiff does not allege facts that equate the conclusory statements regarding "essentiality" and "relevance" in the IPEC declarations with infringement.  As a result, Apple's alleged review of the Plaintiff's website, which includes links to fourteen IPEC declarations of essentiality, does not support an inference that Apple knew its "EVS Products" infringed the five specific patents now asserted.  *See id.* ¶¶ 59, 123.

Moreover, Plaintiff does not allege that the offered claim charts would have shown any Apple products infringe any VoiceAge patents.  *See id.* ¶ 123.  At most, Plaintiff alleges that its claim charts would have shown how claims of fourteen of

its patents are "essential" to specific portions of the EVS standard.  *See id.*  But, as explained above, essentiality and infringement require different analyses.  *See, e.g.*, *Godo Kaisha*, 967 F.3d at 1383-84; *see also Lucent*, 2007 WL 6955272, at *6.  As a result, Apple's alleged "refus[al]" to agree to an NDA to gain access to those claim charts does not support a reasonable inference that Apple took action to avoid learning that its products allegedly infringe those specific patents.  *See* FAC ¶ 123.

### D.   Plaintiff Has Not Sufficiently Pled That Apple Has Willfully Infringed Any Asserted Patent

Plaintiff's new claim for enhanced damages appears to rely on the same set of allegations in the FAC as its claim for induced infringement, and likewise fails for the same reasons.  ***First***, as explained above, Plaintiff's failure to plead pre-suit knowledge of the Asserted Patents is fatal to its claim for enhanced damages.   *See Evolved Wireless*, 2016 WL 1019667, at *3 ("Evolved Wireless has failed to adequately plead pre-suit knowledge of the patents-in-suit, which is fatal to the claims for willful infringement.").  ***Second***, nothing in the allegations about the parties' pre-suit correspondence or the Plaintiff's website supports a reasonable inference that Apple knew or should have known that its conduct amounted to infringement of the five specific Asserted Patents, because Plaintiff never explained how any Apple product allegedly infringes any Asserted Patent before the suit was filed.  *See Dynamic Data*, 2020 WL 1285852, at *2 (dismissing claim for willful infringement because allegations did not "articulate why, in the absence of having

received a pre-suit notice letter explaining why the accused products infringed the patents-in-suit" the defendant "would have nevertheless understood…that such infringement had been occurring").

## V.      CONCLUSION

Apple respectfully requests that the Court dismiss Plaintiff's claim for induced infringement of the Asserted Patents and its claim for enhanced damages with prejudice.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Mark D. Selwyn
Jennifer John
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel: (650) 858-6000

Joseph J. Mueller
Dominic E. Massa
Timothy D. Syrett
Nina Garcia
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
Tel: (617) 526-6000

By:  */s/ David E. Moore*
      David E. Moore (#3983)
      Bindu A. Palapura (#5370)
      Stephanie E. O'Byrne (#4446)
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      Wilmington, DE  19801
      Tel: (302) 984-6000
      dmoore@potteranderson.com
      bpalapura@potteranderson.com
      sobyrne@potteranderson.com

      *Attorneys for Defendant Apple Inc.*

Brittany Amadi
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: (202) 663-6000

Jason Choy
WILMER CUTLER PICKERING
 HALE AND DORR LLP
350 South Grand Avenue
Suite 2400
Los Angeles, CA 90071
Tel: (213) 443-5300

Dated:  January 11, 2020
6996851/50593